## ALEE *vs.* WONG LEONG.

EXCEPTIONS.

HEARING, MARCH 7, 1892.     DECISION, APRIL 14, 1892.

JUDD, C.J., BICKERTON AND DOLE, JJ.

To sustain an action on a debt discharged by defendant's bankruptcy, the promise to pay it must be express. There being evidence of such promises, the Court declined to set aside the verdict.

OPINION OF THE COURT, BY JUDD, C.J.

At the last October Term of this Court a verdict was rendered in favor of the plaintiff for the amount claimed in the plaintiff's action, which was assumpsit, to recover the amount of two promissory notes for $500 and $200, dated 16th and 17th of February, 1888, respectively made by defendant to Sing Chong & Company, endorsed by plaintiff, and at maturity paid by the endorser.

The defendant plead in abatement of the action his discharge in bankruptcy, dated the 11th April, 1889. To this the plaintiff filed a replication setting up promises of the defendant to pay the debt, made since the discharge. The question raised by the bill of exceptions is, whether the evidence on the matter set up in the replication sustains the verdict. We find the law to be that, as a discharge in bankruptcy discharges the debt, it will take more than a mere acknowledgment or recognition of the debt to create a legal obligation to pay it, but there must be an express promise to pay the debt. *Porter vs. Porter*, 31 Maine, 170. In that case the Court held that the promise by the bankrupt to give a new note, is not such a promise as will sustain an action upon the original debt.

In *Stark vs. Stinson*, 23 N. H., 261, it was held that nothing less than an express promise to pay will revive a debt discharged by a decree in bankruptcy.

This or a similar instruction was given to the jury. In reviewing the notes of evidence sent up, we find testimony by Alee, plaintiff, Ing Choy and Chan Chin Sing of promises to pay made by the defendant, which though denied by defendant, were sufficient upon which the jury could base their verdict.

We therefore overrule the exceptions. The verdict must stand.

*A. S. Hartwell* and *Ashford & Ashford,* for plaintiff.

*W. R. Castle* and *F. M. Hatch,* for defendant.